UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

KARIM JONES,

                 Plaintiff,

-against-

THE CITY OF NEW YORK and "JOHN DOE" 1-2 (Shield No. unknown at this time), employed by the New York City Police Department individually and in their official capacity as Police Officers from the 45th Precinct,

                 Defendants.
-------------------------------------------------------------------------x

**Index No.:**

**COMPLAINT
PLAINTIFF DEMANDS
TRIAL BY JURY**

**TAKE NOTICE**, the Plaintiff, KARIM JONES, hereby appears in this action by and through his attorney, **LAW OFFICE PAMELA S. ROTH, ESQ. PC** by PAMELA S. ROTH, for his COMPLAINT, and demands that all papers be served upon, at the address below, in this matter, and alleges upon information and belief, as follows:

## JURISDICTION

1. This is a Civil Rights Action seeking damages for the defendants' violations of plaintiff's rights, privileges and immunities under the United States Constitution, as amended and the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988, Article I §12 of the New York Constitution, and New York State Common Law. Plaintiff further invokes the pendent jurisdiction of this Court in accordance with 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a). The acts of the defendants occurred in the Southern District and venue is based upon 28 U.S.C. § 1391(b).

## PARTIES

2. Plaintiff, KARIM JONES (hereinafter "JONES") is a resident of Bronx County and resides at 1722 Van Buren Street, Bronx, New York 10460, and all times he has been a resident of the United States of America and the State of New York.

3. Defendants Police Officers are, and at all times relevant to this action were, officers of the New York City Police Department (NYPD) and acted under color of state law. Said officers are being sued in both their individual and official capacities.

4. Defendants "JOHN DOE" 1-2 are unknown police officers for the City of New York and acting under color of state law. They are being sued in both their individual and official capacity. Defendants, "JOHN DOES", are and were at all times relevant to this action herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant, THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

5. At all relevant times, the New York City Police Department employed the defendant Police Officers more fully identified below.

6. At all relevant times, Defendants "JOHN DOE" 1-2 were at all relevant times duly appointed and acting Police Officers of the New York City Police Department.

7. At all relevant times, Defendants "JOHN DOE" 1-2, were acting under color of state law.

8. At all relevant times, Defendants "JOHN DOE" 1-2, were agents, servants and employees acting within the scope of their employment.

9. Alternatively, Defendants "JOHN DOE" 1-2, were at all relevant times acting outside the scope of their employment.

10. At all times relevant, the New York City Police Department employed the Defendants "JOHN DOE" 1-2.

11. At all times relevant, Defendants "JOHN DOE" 1-2, were duly appointed and an acting police officers of the New York City Police Department.

12. On April 25, 2017, the Defendants "JOHN DOE" 1-2, were on duty and assigned to the 45th Precinct and serving under Shield No. xxxx.

13. At all times relevant, defendant Police Officers "JOHN DOE" 1-2, unidentified persons, were duly appointed and acting police officers of the New York City Police Department assigned to the 45th Police Precinct in County of Bronx, City and State of New York.

14. At all times relevant, Defendant CITY is the municipal corporation that operates the New York City Police Department.

15. At all relevant times, the individual defendants were acting pursuant to their authority as New York City Police Department employees. Notwithstanding their unconstitutional and unlawful conduct, the actions of the individual defendants were taken in the course of their duties and were incidental to their otherwise lawful function as agents, servants and employees of the New York City Police Department.

16. At all relevant times, the individual defendants were agents, servants and employees acting within the scope of their employment.

17.  Alternatively, the individual defendants were, at all relevant times, acting outside the scope of their employment.

## FACTS

18.  On or about April 25, 2017 at approximately 5:00 PM to 6:00 PM, various police officers employed with the New York City Police Department and assigned to the 45th Precinct, without probable cause and/or justification or a warrant entered the premises at 79 Alexander Avenue, designated as the New York State Parole office, in County of Bronx, State of New York.

19.  Plaintiff was lawfully on said premises reporting to his parole officer.

20.  At the aforesaid time and place was rightfully, lawfully and peacefully inside the aforesaid premises, reporting to his parole officer, when various police officers employed with the New York City Police Department and assigned to the 45th Precinct, arrested him and handcuffed him without probable cause and/or justification or a warrant, for questioning in connection with a robbery.

21.  The unlawful search and seizure was without due process of law and was done to deprive plaintiff of his rights as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

22.  The plaintiff was then handcuffed and forced into a squad car by members of the NYPD.

23.  The entire time they were in the squad car, the officers stated that they wanted to question plaintiff about a robbery.

24.  Plaintiff was transported to the 45th Precinct in Bronx.

25. During the time he was in the squad car, he was not permitted to leave, eat, use the bathroom, nor was he informed why he was arrested.

26. Plaintiff was placed in a line-up.

27. Plaintiff was never informed of his rights nor was he permitted to contact an attorney.

28. Thereafter, Plaintiff JONES was in custody, was wrongfully arrested, was unlawfully detained and falsely imprisoned for approximately 3 ½ hours in a locked holding cell at the 45th Precinct and repeatedly questioned, continually threatened with arrest, continually threatened with being sent to Rikers Island, before being transported to Central Booking at Bronx County Criminal Court.

29. Plaintiff JONES was continuously questioned by detectives about a robbery that he knew nothing about. He was continually threatened with being sent to jail if he did not cooperate with them.

30. Plaintiff JONES remained in custody for approximately 2 days at Central Booking.

31. The District Attorney of Bronx County declined prosecution.

32. Plaintiff JONES was never arraigned.

33. Plaintiff JONES was in custody until he was released on or about April 27, 2017.

34. It is alleged that the CITY OF NEW YORK and "JOHN DOE" 1-2 failed to investigate the facts, and therefore maliciously and intentionally detained, falsely detained, falsely imprisoned, threatened, humiliated and mentally abused plaintiff JONES in violation of his constitutional rights.

35. As a direct result of the above defendants' actions, plaintiff JONES suffered and continues to suffer mental anguish, deprivation of liberty and privacy, humiliation, shame, emotional distress an damage to reputation, some or all of which may be permanent.

36. Plaintiff JONES suffered greatly and was emotionally traumatized by this excessive detention and imprisonment.

37. The false wrongful arrest of plaintiff JONES and unlawful imprisonment of plaintiff JONES, because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

38. As a direct and proximate result of this unlawful detention and confinement, plaintiff JONES has lived in fear and is fearful of police.

39. As a direct and proximate result of defendants' actions, plaintiff JONES was detained, was searched without just or probable cause, and subsequently arrested.

40. As a direct and proximate result of defendants' actions, plaintiff JONES was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

<u>AS A FIRST CAUSE OF ACTION FOR RELIEF</u>
Pursuant to 42 U.S.C. §1983 (FALSE ARREST)

41. Paragraphs 1 through 40 of this complaint are hereby realleged and incorporated by reference as if set forth in full herein.

42. That Defendants CITY and JOHN DOE #1-2 had no valid evidence for the arrest, detention and imprisonment of JONES, nor legal cause or excuse to seize and detain JONES for a period of approximately more than 48 hours.

43. That in detaining JONES for a period of more than 48 hours without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

44. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

45. As a result of the above described policies and customs, the officers, staff, agents and employees of the Defendant CITY believed their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

46. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of JONES' rights alleged herein.

47. By reason of Defendants' acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of JONES' rights, subjected JONES to an unlawful, illegal and excessive detention, threatened him with charges of a crimes he did not commit, threatened to have him incarcerated at Riker's Island, all in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

48. By reason of the foregoing, JONES suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, fear, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## AS A SECOND CAUSE OF ACTION FOR RELIEF
Pursuant to State Law (FALSE ARREST)

49. Paragraphs 1 through 48 of this complaint are hereby realleged and incorporated by reference as if set forth in full herein.

50. That the seizure, detention and imprisonment of JONES was unlawful in that Defendant CITY had no probable cause to detain, arrest and/or imprison JONES.

51. That defendants intended to confine JONES.

52. That JONES was conscious of the confinement and did not consent to the confinement.

53. That the confinement was not otherwise privileged.

54. By reason of Defendant CITY's acts and omissions, Defendants CITY and "JOHN DOE" 1-2, acting in gross and wanton disregard of JONES' rights, deprived JONES of his liberty when they subjected JONES to an unlawful, illegal and excessive detention, in violation of State law.

55. That by reason of the foregoing, JONES suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, fear, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## AS A THIRD CAUSE OF ACTION FOR RELIEF
Pursuant to State Law (RESPONDEAT SUPERIOR)

56. Paragraphs 1 through 55 of this complaint are hereby realleged and incorporated by reference as if set forth in full herein.

57. That Defendants "JOHN DOE" 1-2 were acting in furtherance of the duties owed to their employer, defendant CITY.

58.   That at all times, Defendants "JOHN DOE" 1-2 were acting within the scope of their employment.

59.   That Defendant CITY was able to exercise control over Defendants "JOHN DOE" 1-2 activities.

60.   That Defendant CITY is liable for Defendants "JOHN DOE" 1-2 actions under the doctrine of *respondeat superior*.

61.   By reason of the foregoing, JONES suffered mental injuries, emotional injuries, deprivation of liberty and privacy, terror, humiliation, fear, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## AS A FOURTH CAUSE OF ACTION FOR RELIEF
Pursuant to State Law
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

62.   Paragraphs 1 through 61 of this complaint are hereby realleged and incorporated by reference as if set forth in full herein.

63.   By reason of the foregoing, Defendants "JOHN DOE" 1-2 of the 45th Police Precinct, intentionally or recklessly engaged in extreme and outrageous conduct measured by the reasonable bounds of decency tolerated by decent society thereby intentionally inflicting mental and emotional distress upon the plaintiff, KARIM JONES.

64.   As a consequence thereof, the plaintiff JONES has been injured.

## AS A FIFTH CAUSE OF ACTION FOR RELIEF
Pursuant to State Law
(NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES AGAINST THE NEW YORK CITY POLICE DEPARTMENT)

65. Paragraphs 1 through 64 of this complaint are hereby realleged and incorporated by reference as if set forth in full herein.

66. Upon information and belief, defendant New York City, through the New York City Police Department owed a duty of care to this plaintiff to prevent the mental abuse sustained by plaintiff.

67. Upon information and belief, defendant New York City, through the New York City Police Department, owed a duty of care to this plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to this plaintiff or to those in a like situation would probably result from this conduct.

68. Upon information and belief, defendants "JOHN DOE" 1-2 were unfit and incompetent for this position.

69. Upon information and belief, defendant New York City's negligence in hiring and retaining defendants "JOHN DOE" 1-2 proximately caused the plaintiff's injuries.

## INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, KARIM JONES has suffered pecuniary losses, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

**WHEREFORE**, Plaintiff, KARIM JONES, respectfully requests judgment against defendants THE CITY OF NEW YORK and "JOHN DOE" 1-2 (Shield No. unknown at this time), employed by the New York City Police Department individually and in their official capacity as Police Officers from the 45th Precinct in their official and individual capacity, and requests the following relief of compensatory and punitive damages in a sum of money which

exceeds the jurisdictional limits of all courts of lesser jurisdiction; an award of reasonable attorney's fee, costs and disbursements of this action; such other and further relief as this Court may deem just, fair and proper under the circumstances.

Dated:  Brooklyn, New York

   April 3, 2019

*[signature]*

Pamela S. Roth PR7124
LAW OFFICE OF PAMELA s. ROTH, ESQ. P.C.
Attorney for Plaintiff
KARIM JONES
2747 Coney Island Avenue
Brooklyn, New York 11235
(917) 309-5498