USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __3/30/2020__



**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**KATHLEEN D. REILLY**
*Assistant Corporation Counsel*
Phone: (212) 356-2663
Fax: (212) 356-3558
Email: kareilly@law.nyc.gov

March 27, 2020

**BY ECF**
Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

         Re:    Karim Jones v. City of New York, et al.
                  19 Civ. 10424 (MKV) (RWL)

Your Honor:

        I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney for defendant City of New York ("City") in the above-referenced matter. Defendant City writes respectfully to request a ninety (90) day stay of the present civil proceedings in light of the current public health emergency associated with the COVID-19, or coronavirus, pandemic. This is the City's first request for a stay of the action and plaintiff's counsel, Pamela Roth, consents to this request.

        By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, false arrest arising from his arrest on or about April 25, 2017. Plaintiff names the City of New York and John Doe officers as defendants in this action.[1] As Your Honor is likely aware, on November 9, 2019, this case was designated for participation in Local Civil Rule 83.10 ("the Plan"). According to the Plan, defendants' answer is due 80 days after service of the first defendant. The Plan further provides that at the same time that plaintiff serves the complaint, plaintiff must serve on the City a § 160.50 release. The City was served with the Complaint on March 5, 2020; however, the City did not receive the § 160.50 release at the time of service and, to date, has not yet received same. (ECF No. 10.) As such, the City's time to answer, in accordance with the Plan, has not yet begun. In compliance with the Plan, on March 24, 2020, the City sent a letter to plaintiff's counsel, via email, requesting the § 160.50 release and attached a copy of the Plan.

---

[1] Two prior complaints bringing identical claims for the same alleged incident have already been dismissed twice in this district; one for failure to effect service, pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 4(n) and the other for failure to prosecute, pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 41(b). See Karim Jones v. City of New York, et al. 18 Civ. 2958 (AT) (SDNY); Karim Jones v. City of New York, et al. 19 Civ. 3040 (RA) (SDNY).

As the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well. That same day, the United States District Court for the Southern District of New York ("Southern District") issued Standing Order 20 MISC 138, which encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable. Also on March 13, 2020, the Southern District issued Standing Order 20 MISC 015, which suspended and tolled service of process requirements and deadlines. On March 16, 2020, the Southern District issued a Revised Standing Order further limiting access to courthouses. And finally, on March 20, 2020, Governor Cuomo issued an order that all non-essential work forces are required to stay home, effective March 22, 2020.

In light of pronouncements from government and judicial officials, associated policies, expert recommendations, and the further spread of COVID-19, the New York City Law Department, along with the majority of employers in New York City and State, has advised that individuals should work from home as much as is practicable to ensure compliance with public policy directives, and to protect individuals from further community spread of the virus. Now, effective March 22, 2020 and in compliance with the governor's order, our Office is operating remotely.

Accordingly, once the City actually receives plaintiff's signed § 160.50 release, working from home creates a number of challenges that directly impact litigation, especially in terms of requesting and obtaining documents necessary to enable the City to respond to the complaint. The undersigned is not physically present to receive mail sent to the office, and therefore is unable to reliably receive documents requested in regards to allegations set forth in the complaint. Moreover, due the Governor's latest order, obtaining documents from the relevant agencies is going to prove extremely difficult, if not impossible, during this time period.

With respect to deadlines in the instant action, the date on the docket provides the current answer deadline as April 30, 2020; however, in accordance the Plan, the City's time to answer cannot be calculated until the § 160.50 release is received. (ECF No. 11.) Upon receipt of the release, pursuant to the Plan, defendant is entitled to sixty (60) days to respond. In an abundance of caution, in light of the current public health emergency, and in order avoid any prejudice to defendant, the undersigned respectfully requests a ninety (90) day stay of the present civil proceedings.

Defendant thanks the Court for its time and consideration.

Respectfully submitted,

*Kathleen D. Reilly*

Kathleen D. Reilly
Assistant Corporation Counsel

cc: **By ECF**
Pamela Roth, Esq., *Attorney for Plaintiff*

This request is GRANTED. Accordingly, by July 29, 2020, the City shall either answer, or, if the § 160.50 release was not received by May 30, 2020, file a letter updating the Court on the status of this action.

Date: 3/30/2020
New York, New York

Mary Kay Vyskocil
United States District Judge

- 2 -