UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KARIM JONES,

                              Plaintiff,

           -against-

THE CITY OF NEW YORK, DET. JONATHAN VIRTUOSO
Tax ID #949774, and "JOHN DOE"'1-2 (Shield No.
unknown at this time), employed by the New York City
Police Department individually and in their official capacity
as Police Officers from the 45th Police Precinct,

                              Defendants.
------------------------------------------------------------------X

**19-CV-10424**

**AMENDED COMPLAINT**

**PLAINTIFF DEMANDS A JURY TRIAL**

      Plaintiff KARIM JONES, by and through his attorney, Pamela S. Roth of The Law Office of Pamela S. Roth, Esq., P.C., as and for his amended complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

    1.    This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

    2.    Plaintiff KARIM JONES' right to be free from unreasonable seizures was violated when officials of the New York City Police Department unlawfully arrested him when he was reporting for parole for allegedly committing a robbery, when in fact, he did no such thing. By reason of defendants' unlawful arrest and wrongful detention, Mr. Jones was deprived of his rights secured by the Fourth and Fourteenth Amendments.

    3.    Mr. Jones seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. §1391(a), (b)(2) and (c) for the United States District Court for the Southern District of New York in that Mr. Jones' claim arose in the County of Bronx and State of New York, within the confines of this judicial district

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

7. Plaintiff, KARIM JONES, was at all times relevant to this action a resident of the County of Bronx and State of New York.

8. Defendant THE CITY OF NEW YORK ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department ("NYPD").

9. Defendants Police Officers are, and at all times relevant to this action were, officers of the New York City Police Department (NYPD) and acted under color of state law. Said officers are being sued in both their individual and official capacities.

10. Defendant DET. JONATHAN VIRTUOSO Tax ID #949774, is and was at all times relevant herein, an officer, employee and agent of the NYPD.

11. Defendant DET. JONATHAN VIRTUOSO Tax ID #949774, at all times relevant to this action was an officer of the New York City Police Department (NYPD) and acted under color of state law. Said officer is being sued in both his individual and official capacity.

12. Defendants "JOHN DOE" 1-2 are unknown police officers for the City of New York and acting under color of state law. They are being sued in both their individual and official capacity. Defendants, "JOHN DOES", are and were at all times relevant to this cation herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant, THE CITY OF NEW YORK, were acting for and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties, and as police officers, who, implemented, enforced, and/or effectuated the arrest that is the subject policy of this action.

13. At all relevant times, the New York City Police Department employed the defendant Police Officers more fully identified below.

14. Defendants "JOHN DOE" 1-2 (the name "John Doe" being fictitious as their true name and rank are not currently known), referred to collectively as the "officer-defendants", are and were at all times relevant herein, officers, employees and agents of the NYPD.

15. The officer-defendants are police officers for the City of New York and acting under color of state law. They are being sued in both their individual and official capacity.

16. The defendant DET. JONATHAN VIRTUOSO Tax ID #949774 and defendants "JOHN DOE" 1-2 acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of Karim Jones' rights.

17. At all relevant times, defendant DET. JONATHAN VIRTUOSO Tax ID #949774 and defendants "JOHN DOE" 1-2, were engaged in a joint venture, assisting each other in performing the various described herein and lending their physical presence and support and the authority of their offices to one another.

18. On April 25, 2017, the Defendants DET. JONATHAN VIRTUOSO Tax ID #949774 and defendants "JOHN DOE" 1-2 were on duty and assigned to the 45th Precinct in the County of Bronx, City and State of New York.

19. At all relevant times, the individual defendants were agents, servants and employees acting within the scope of their employment.

20. Alternatively, the individual defendants were agents, servants and employees acting outside the scope of their employment.

**STATEMENT OF FACTS**

21.     The arrest herein complained of occurred on April 25, 2017 at approximately between 5:00 to 6:00 PM, while Plaintiff was rightfully, lawfully, and peacefully inside the premises designated as the New York State Parole Office located at 79 Alexander Avenue, in the County of Bronx, State of New York.

22.     At said time and place, defendants DET. JONATHAN VIRTUOSO Tax ID #949774 and "JOHN DOE" 1-2, employed with the New York City Police Department and assigned to the 45th Precinct, without probable cause and/or justification or a warrant entered said premises, and arrested plaintiff KARIM JONES.

23.     At approximately the time and location above, Mr. Jones was talking to and reporting to his parole officer.

24.     At the aforesaid time and place, Mr. Jones was rightfully, lawfully, and peacefully inside the aforesaid premises, reporting to his parole officer, when defendants DET. JONATHAN VIRTUOSO Tax ID #949774 and "JOHN DOE" 1-2, employed with the New York City Police Department and assigned to the 45th Precinct, arrested him and handcuffed him without probable cause and/or justification and without a warrant, for questioning in connection with a robbery.

25.     The unlawful search and seizure was without due process of law and was done to deprive plaintiff KARIM JONES of his rights as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

26.     Plaintiff, KARIM JONES, was handcuffed and forced into a patrol car by defendants DET. JONATHAN VIRTUOSO Tax ID #949774 and "JOHN DOE" 1-2 and transported to the 45th Police Precinct.

27. The entire time plaintiff KARIM JONES was in the patrol car, defendants DET. JONATHAN VIRTUOSO Tax ID #949774 and "JOHN DOE" 1-2 questioned Mr. Jones about a robbery.

28. Mr. Jones was transported to the 45th Police Precinct and remained in a holding cell.

29. During the time Mr. Jones was in custody, he was not permitted to leave, eat, use the bathroom, nor was he informed why he was arrested.

30. Mr. Jones did not consent to the confinement.

31. Plaintiff KARIM JONES was placed in a lineup.

32. Plaintiff was never informed of his rights.

33. Plaintiff was not permitted to contact an attorney.

34. Thereafter Plaintiff JONES was in custody, was wrongfully arrested, was unlawfully detained and falsely imprisoned for approximately 3 ½ hours in a locked holding cell at the 45th Precinct and was repeatedly questioned, continually threatened with arrest, continually threatened with being sent to Rikers Island, before being transported to Central Booking at Bronx County Criminal Court.

35. Plaintiff JONES was continuously questioned over a two day period by defendants DET. JONATHAN VIRTUOSO Tax ID #949774 and "JOHN DOE" 1-2 about a robbery that he did not commit and knew nothing about and was threatened with jail if he did not cooperate and provide information to the Detective.

36. Plaintiff KARIM JONES remained in custody for approximately two (2) days in Central Booking.

37. The District Attorney of Bronx County declined prosecution.

38. Plaintiff, KARIM JONES, was never arraigned.

39. Plaintiff, KARIM JONES, was in police custody until he was released at approximately on or about April 27, 2017 from Central Booking.

40. Plaintiff, KARIM JONES, was in police custody, was unlawfully detained and falsely imprisoned. The unlawful search and seizure was without due process of law and was done to deprive plaintiff of his rights as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

41. It is alleged that the CITY OF NEW YORK and Defendants DET. JONATHAN VIRTUOSO Tax ID #949774 and "JOHN DOE" 1-2 failed to investigate the facts, and therefore maliciously and intentionally detained, falsely detained, falsely imprisoned, threatened, humiliated and mentally abused plaintiff, KARIM JONES, in violation of his constitutional rights.

42. As a direct result of the above defendants' CITY OF NEW YORK and Defendants DET. JONATHAN VIRTUOSO Tax ID #949774 and "JOHN DOE" 1-2 actions, plaintiff, KARIM JONES, suffered and continues to suffer mental anguish, deprivation of liberty and privacy, humiliation, shame, emotional distress an damage to reputation, some or all of which may be permanent.

43. Plaintiff, KARIM JONES, suffered greatly and was emotionally traumatized by this excessive detention and imprisonment.

44. The false criminal arrest of plaintiff, KARIM JONES, and wrongful imprisonment of plaintiff, KARIM JONES, because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

45. As a direct and proximate result of this unlawful detention and confinement, plaintiff, KARIM JONES, has lived in fear and is fearful of police, especially when reporting to the same Office of NYS Division of Parole.

46. As a direct and proximate result of defendants' actions, plaintiff, KARIM JONES, was detained in the police precinct, was searched without just or probable cause, and subsequently arrested, placed in a lineup and interrogated over a two day period.

47. As a direct and proximate result of defendants' actions, plaintiff, KARIM JONES, was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City and the State of New York.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. §1983
*(Against All Defendants)*

48. Mr. Jones incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

49. That defendants, CITY OF NEW YORK and Defendants DET. JONATHAN VIRTUOSO Tax ID #949774 and "JOHN DOE" 1-2, under color of state law subjected plaintiff KARIM JONES to the foregoing acts and omissions, thereby depriving Mr. Jones of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including but not limited to deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person; (b) freedom from arrest without probable cause; (c) freedom from false

imprisonment; (d) freedom from having police officers fabricate evidence against him; (e) freedom from malicious prosecution; (f) freedom from abuse of process; and (g) freedom from police officers failing to intervene to prevent each other's deprivations of his constitutional rights.

50. At all times material to this complaint, defendant City had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

51. At all times material to this complaint, defendant CITY failed to properly train, screen, supervise, or discipline its employees and police officers, including Defendants DET. JONATHAN VIRTUOSO Tax ID #949774 and "JOHN DOE" 1-2 and failed to inform the defendants' supervisors of their need to train, screen supervise or discipline the defendants DET. JONATHAN VIRTUOSO Tax ID #949774 and "JOHN DOE" 1-2.

52. That defendants, CITY OF NEW YORK and Defendants DET. JONATHAN VIRTUOSO Tax ID #949774 and "JOHN DOE" 1-2, had no valid excuse for the arrest, detention and imprisonment of JONES, nor legal cause or excuse to seize and detain JONES for a period of approximately more than 48 hours.

53. That in detaining plaintiff JONES for a period of more than 48 hour without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

54. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train their officers, staff, agents and employees,

thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

55. As a result of the above described policies and customs, the officers, staff, agents and employees of the Defendant CITY believed their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

56. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of plaintiff JONES' rights alleged herein.

57. By reason of Defendants' acts and omissions, defendants, CITY OF NEW YORK and Defendants DET. JONATHAN VIRTUOSO Tax ID #949774 and "JOHN DOE" 1-2, acting under color of state law and within the scope of its authority, in gross and wanton disregard of JONES' rights, subjected plaintiff JONES to an unlawful, illegal and excessive detention, threatened in with charges of crimes he did not commit, threatened to him incarcerated at Riker's Island and to violate his parole, all in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

58. That in detaining plaintiff, KARIM JONES for a period of more than 2 days without a fair and reliable determination of probable cause, defendants, CITY OF NEW YORK and Defendants DET. JONATHAN VIRTUOSO Tax ID #949774 and "JOHN DOE" 1-2, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

59. By reason of the foregoing, plaintiff, KARIM JONES, suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, fear, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### SECOND CLAIM FOR RELIEF
Pursuant to State Law (FALSE ARREST)

60. Mr. Jones incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

61. That the seizure, detention and imprisonment of plaintiff KARIM JONES was unlawful in that defendants, CITY OF NEW YORK and Defendants DET. JONATHAN VIRTUOSO Tax ID #949774 and "JOHN DOE" 1-2, had no probable cause to detain, arrest and/or imprison plaintiff KARIM JONES.

62. That Defendants intended to confine plaintiff KARIM JONES.

63. That plaintiff KARIM JONES was conscious of the confinement and did not consent to the confinement.

64. That the confinement was not otherwise privileged.

65. By reason of Defendant THE CITY OF NEW YORK's acts and omissions, defendants, CITY OF NEW YORK and Defendants DET. JONATHAN VIRTUOSO Tax ID #949774 and "JOHN DOE" 1-2 acting in gross and wanton disregard of plaintiff KARIM JONES' rights, deprived plaintiff KARIM JONES of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

66. That by reason of the foregoing, plaintiff KARIM JONES suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, fear, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## A THIRD CLAIM FOR RELIEF
Pursuant to State Law (RESPONDEAT SUPERIOR)

67. Mr. Jones incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

68. That Defendants, DET. JONATHAN VIRTUOSO Tax ID #949774 and "JOHN DOE" 1-2, were acting in furtherance of the duties owed to their employer, Defendant, THE CITY OF NEW YORK.

69. That at all times, Defendants DET. JONATHAN VIRTUOSO Tax ID #949774 and "JOHN DOE" 1-2, were acting within the scope of their employment.

70. That Defendant, THE CITY OF NEW YORK, was able to exercise control over Defendants DET. JONATHAN VIRTUOSO Tax ID #949774 and "JOHN DOE" 1-2 activities.

71. That defendant, THE CITY OF NEW YORK, is liable for Defendants DET. JONATHAN VIRTUOSO Tax ID #949774 and "JOHN DOE" 1-2, actions under the doctrine of *respondeat superior.*

72. By reason of the foregoing, plaintiff KARIM JONES suffered mental injuries, emotional injuries, deprivation of liberty and privacy, terror, humiliation, fear, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

## A FOURTH CLAIM FOR RELIEF
Pursuant to State Law
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

73. Mr. Jones incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

74. By reason of the foregoing, Defendants DET. JONATHAN VIRTUOSO Tax ID #949774 and "JOHN DOE" 1-2 of the 45th Police Precinct, intentionally or recklessly engaged in extreme and outrageous conduct measured by the reasonable bounds of decency tolerated by decent society thereby intentionally inflicting mental and emotional distress upon the Plaintiff, KARIM JONES.

75. As a consequence thereof, the Plaintiff, KARIM JONES, has been injured.

**A FIFTH CLAIM FOR RELIEF**
Pursuant to State Law
(NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES AGAINST THE NEW YORK THE CITY OF NEW YORK POLICE DEPARTMENT)

76. Mr. Jones incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

77. Upon information and belief, defendant, THE CITY OF NEW YORK, through the New York City Police Department owed a duty of care to this Plaintiff to prevent the mental abuse sustained by plaintiff.

78. Upon information and belief, defendant THE CITY OF NEW YORK, through the New York City Police Department, owed a duty of care to this Plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to this Plaintiff or to those in a like situation would probably result from this conduct.

79. Upon information and belief, Defendants DET. JONATHAN VIRTUOSO Tax ID #949774 and "JOHN DOE" 1-2 were unfit and incompetent for their position.

80. Upon information and belief, Defendant, THE CITY OF NEW YORK's negligence in hiring and retaining Defendants DET. JONATHAN VIRTUOSO Tax ID #949774 and "JOHN DOE" 1-2, proximately caused the plaintiff's injuries.

## INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, Plaintiff KARIM JONES has suffered pecuniary losses, emotional pain, suffering, inconvenience, and injury to his reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, KARIM JONES, respectfully requests that judgment be entered as follows:

1. Awarding KARIM JONES compensatory damages in a full and fair sum to be determined by a jury;
2. Awarding KARIM JONES punitive damages in an amount to be determined by a jury;
3. Awarding KARIM JONES interest from April 25, 2017; and
4. Awarding KARIM JONES reasonable attorney's fees pursuant to 42 U.S.C. §1988; and
5. Granting such other and further relief as to this Court seems just and proper.

Dated: Brooklyn, New York
November 20, 2020

_____
PAMELA S. ROTH **PR7124**

Attorney for Plaintiff
KARIM JONES
Law Office of Pamela S. Roth, Esq. P.C.
2747 Coney Island Avenue
Brooklyn, New York 11235
(888) 466-4884