UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------------X
KARIM JONES,

                           Plaintiff,

        -against-

CITY OF NEW YORK, et al.,

                           Defendants.
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/30/2021

1:19-cv-10424 (MKV)

**ORDER AND OPINION GRANTING MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Karim Jones brings this action alleging violations of his state and federal constitutional rights during an April 2017 detention. Defendants Jonathan Virtuoso and the City of New York move under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Amended Complaint. Defendants have filed a Memorandum of Law in Support of their motion, [Defs. Mem., ECF No. 29]. Plaintiff, through his counsel, opposed the motion. [Pl. Opp., ECF No. 33]. Defendants subsequently filed their reply. [Defs. Reply, ECF No. 37].[1] For the reasons discussed herein, the Court grants the Motion to Dismiss.

**BACKGROUND**

The following facts are drawn from Plaintiff's Amended Complaint [Am. Compl., ECF No. 23], and are assumed true "for the purposes of a motion to dismiss." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On April 25, 2017, Plaintiff reported to his parole officer at the New York State Parole Office located in the Bronx. Am. Compl. ¶¶ 21, 24. While there, Defendant NYPD Detective

---

[1] At the time the City filed its Motion [ECF No. 27], Virtuoso had not yet been served. *See* Defs. Mem. at 1 n.1. The City noted that to "the extent that Detective Virtuoso is served and represented by this Office, [he] may later join in the City's motion." *Id.* Virtuoso was subsequently served on January 8, 2021 [ECF No. 30]. Virtuoso then requested leave to join in the City's Motion [ECF No. 35] which the Court granted [ECF No. 36].

1

Jonathan Virtuoso and another police officer "arrested him and handcuffed him without probable cause . . . for questioning in connection with a robbery." Am. Compl. ¶ 24. Plaintiff was brought to a patrol car where he was questioned about a robbery, and then transported to the 45th Police Precinct where he was placed in a holding cell for three and a half hours. Am. Compl. ¶¶ 26-29, 34. At the precinct, Plaintiff was "placed in a lineup," but otherwise was "not permitted to leave, eat, [or] use the bathroom." Am. Compl. ¶¶ 29, 31. Plaintiff spent two days at the precinct, after which the district attorney declined to prosecute Plaintiff for any crime, and he was subsequently released. Am. Compl. ¶¶ 36-37, 39.

Plaintiff alleges that he remains "emotionally traumatized" and "suffered greatly" as a result of his "excessive detention and imprisonment." Am. Compl. ¶ 43. In December 2019, Plaintiff filed a lawsuit against the City of New York and John Doe 1-2, unknown police officers, alleging violations of his state and federal rights during the detention. [ECF No. 6]. Over a year later, Plaintiff added Defendant Virtuoso as a defendant, in addition to John Doe 1-2, alleging that he was one of the officers purportedly responsible for his treatment. Am. Compl. ¶ 24. Defendants now move to dismiss. [ECF No. 27].

## **LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While a sufficiently pleaded complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

2

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks, alterations, and citations omitted); *see also Iqbal*, 556 U.S. at 678 (noting that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" (citing *Twombly*, 550 U.S. at 555)).

## PROCEDURAL HISTORY

After two previous actions arising out of the same underlying incident were dismissed,[2] Plaintiff filed this, his third case, on December 11, 2019 bringing a federal claim against the City of New York and "John Does," who were "unknown police officers [in the 45th Precinct] for the City of New York and acting under color of state law." Compl. [ECF No. 6] ¶¶ 4, 12-13. After this Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute, Plaintiff amended his complaint on November 20, 2020 to add Defendant Virtuoso. Am. Compl. ¶ 11.

## DISCUSSION

The Amended Complaint asserts a Section 1983 claim against Detective Virtuoso and the City of New York for the injuries allegedly caused during or by Plaintiff's detention. The Amended Complaint also asserts four separate state-law claims against Virtuoso and the City. The Court addresses the federal and state-level claims in turn.

**I.     PLAINTIFF'S FEDERAL CLAIMS AGAINST
        DEFENDANT VIRTUOSO ARE TIME-BARRED**

By his Amended Complaint, Plaintiff now asserts a federal claim (and several state-law claims) against Detective Virtuoso under Section 1983 under several separate theories:

---

[2] Plaintiff initially filed a complaint on April 4, 2018, which was dismissed on March 28, 2019 for failure to effect timely service. *See Karim Jones v. City of New York, et al.*, 18-cv-2957 (AT). On April 5, 2019, Plaintiff filed a second complaint, which was dismissed on October 4, 2019 for failure to prosecute. *Karim Jones v. City of New York, et al.*, 19-cv-3040 (RA).

1) unreasonable seizure; 2) false arrest; 3) false imprisonment; 4) fabrication of evidence; 5) malicious prosecution; 6) "abuse of process;" and 7) failure to intervene.  Am. Compl. ¶ 49.  Defendants move to dismiss, contending that all the alleged violations of law are subject to a three-year statute of limitations.  *See* Defs. Mem. at 8-9.  The claims alleged against Virtuoso accrued on April 25, 2017, the day Plaintiff was taken in for questioning, and the time within which to bring suit expired on April 25, 2020.[3]

Defendants contend that the delayed inclusion of Virtuoso in this lawsuit means that Plaintiff has exceeded the three-year statute of limitations on his federal claims.  Def. Mem. at 8-9.  Plaintiff does not dispute that a three-year statute of limitations applies or that he has otherwise exceeded the statute of limitations, but instead argues that he "merely substituted the name and shield number of [] Detective Virtuoso" and thus his claims "relate back to the filed claim pursuant to F.R.C.P. 15(c)."  Pl. Opp. at 19.  The Court disagrees.

"[I]t is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued."  *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (quoting *Aslanidis v. United States Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993)); *see also Ceara v. Deacon*, 916 F.3d 208, 213-15 (2d Cir. 2019).  "John Doe substitutions, then, may only be accomplished when all of the specifications of Fed. R. Civ. P. 15(c) are met."  *Hogan v. Fischer*, 738 F.3d 509, 517 (2d

---

[3] The statute of limitations on Section 1983 claims is determined by looking to New York's statute of limitations for personal injury torts.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007).  A claim accrues, and the time begins to run, when "the plaintiff can file suit and obtain relief."  *Wallace*, 549 U.S. at 388 (internal quotation marks omitted).  "[T]he Supreme Court [has] decided that the three-year statute of limitations of New York CPLR 214(5), which governs general personal injury actions, should be applicable to any and all Section 1983 actions filed in New York."  *Dacosta v. City of New York*, 296 F. Supp. 3d 569, 581 (E.D.N.Y. 2017) (citing *Owens v. Okure*, 488 U.S. 235, 251 (1989)); *see also Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009).

Cir. 2013). Federal Rule of Civil Procedure 15(c) contains two provisions that are arguably relevant here.

Federal Rule of Civil Procedure 15(c)(1)(C) states that an amended pleading relates back to the date of the original pleading when "the amendment changes the party or the naming of the party against whom a claim is asserted." The Second Circuit "has interpreted the rule to preclude relation back for amended complaints that add new defendants, where the newly added defendants were not named originally because the plaintiff did not know their identities." *Hogan*, 738 F.3d at 518. The Second Circuit has further explained that the rule "allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties" and the "failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." *Id.* at 517-518 (quoting *Barrow v. Wethersfield Police Dept.*, 66 F.3d 446, 470 (2d Cir. 1995)). Because the omission of Virtuoso here was not the result of an error or mistake, relation back for purposes of the statute of limitations is precluded. Failing to name a defendant is not a mistake. *See id.* at 518.

Federal Rule of Civil Procedure 15(c)(1)(A) provides that an amended complaint may relate back when "the law that provides the applicable statute of limitations allows relation back." In *Hogan*, the Second Circuit directed district courts to "look to the entire body of limitations law that provides the applicable statute of limitations." *Hogan*, 783 F.3d at 518. The Second Circuit then noted that New York law "creates a special procedure for claims alleged against John Doe defendants." *Id.* (citing CPLR § 1024). Specifically, Section 1024 of the Civil Practice Law and Rules provides:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken

5

under the true name and all prior proceedings shall be deemed amended accordingly.

The *Hogan* case instructs that "New York courts have interpreted this section to permit John Doe substitutions *nunc pro tunc*[,] . . . [provided] a party . . meet[s] two requirements." 783 F.3d at 518-19 (citing cases). "First, the party must exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name." *Id.* (internal quotation marks omitted). "Second, the party must describe the John Doe party in such form as will fairly apprise the party that [he] is the intended defendant." *Id.* at 519. Plaintiff does not explain why he did not amend his complaint earlier and instead waited to add Virtuoso until more than a year after the original filing. Nor does he explain how or when he learned of the Detective's identity, or why he did not learn it sooner. Instead, he simply says that he added Virtuoso "when his information became available." Pl. Opp. at 19. This falls far short of establishing due diligence by virtue of "timely efforts to identify the correct party before the statute of limitations expired." *Strada*, 2014 U.S. Dist. LEXIS 94687, at *16; *Miles v. City of New York*, 2018 U.S. Dist. LEXIS 130914, at *18 (S.D.N.Y. Aug. 3, 2018); *Cotto v. City of New York*, 2017 U.S. Dist. LEXIS 128380, at *13 (S.D.N.Y. Aug. 11, 2017).

"Federal and New York courts have held that where there is no indication in the record that a plaintiff has exercised due diligence prior to the expiration of the statute of limitations, a plaintiff is not entitled to make use of the 'John Doe' procedure provided in CPLR § 1024." *Ceara v. Deacon*, 68 F. Supp. 3d 402, 409 (S.D.N.Y. 2014) *vacated on other grounds*, 916 F.3d 208 (2d Cir. 2019). The Court concludes that Plaintiff cannot avail himself of any provision of Federal Rule of Civil Procedure 15(c) through which he may relate his Amended Complaint back to the original pleading. Plaintiff's Section 1983 claims against Virtuoso are therefore barred by

the three-year statute of limitations.  Accordingly, the Court grants Defendants' Motion to Dismiss with respect to the federal claims against Defendant Virtuoso.

## II.     PLAINTIFF DOES NOT ALLEGE A POLICY OR CUSTOM SUFFICIENT TO ESTABLISH MUNICIPAL LIABILITY

In connection with his Section 1983 claim (which states that it is made against all Defendants, *see* Am. Compl at 8) Plaintiff alleges that the City of New York "had *de facto* policies, practices, customs, and usages which were a direct and proximate cause of the unconstitutional conduct" alleged in his Amended Complaint.  Am. Compl. ¶ 50.  Plaintiff further claims that "it was the policy and/or custom of [the City] to inadequately supervise and train their officers, staff, agents, and employees, thereby failing to adequately discourage further constitutional violations."  Am. Compl. ¶ 54.

Construing the claims generously, Plaintiff appears to attempt to allege a *Monell* claim against the City.  *See* Pl. Opp. at 15-16; *see Monell v. Department of Social Service*, 436 U.S. 658 (1978).  Under the Supreme Court's decision in *Monell v. Department of Social Service*, local governments and individuals in their official capacity may be held liable in Section 1983 actions when it can be shown that "the denial of a constitutional right [] was caused by an official municipal policy or custom."  *Bellamy v. City of New York*, 914 F.3d 727, 756 (2d Cir. 2019).

Beyond the allegations recited above, Plaintiff does not allege legally cognizable claims that his civil rights were violated, or facts that suggest that his questioning was the result of a City policy or practice.  Plaintiff does not state which policies or practices of the City are inadequate, and does not draw a cognizable nexus between the purported inadequacy and any constitutional violation.  Plaintiff merely pleads threadbare recitations of the elements of a *Monell* claim to the effect that the City "had *de facto* policies" which "were a direct and proximate cause of the unconstitutional conduct."  Am. Compl. ¶ 50.  The Court need not credit

Plaintiff's legal conclusions couched as facts. *Iqbal*, 556 U.S. at 678; *see also Walker v. City of New York*, 974 F.2d 293, 297-98 (2d Cir. 1992). Accordingly, the Court grants Defendants' motion to dismiss with respect to any *Monell* claim.

### III.    PLAINTIFF'S STATE-LAW CLAIMS ARE DISMISSED FOR FAILURE TO COMPLY WITH NEW YORK'S NOTICE REQUIREMENT

Plaintiff also pleads various state-law causes of action in his Amended Complaint. Specifically, Plaintiff alleges claims for false arrest, Am. Compl. ¶ 65, intentional infliction of emotional distress, Am. Compl. ¶ 74, negligent hiring and retention of employees, Am. Compl. ¶¶ 78-80, and a *respondeat superior* claim against the City for the purportedly unlawful actions of Defendant Virtuoso, Am. Compl. ¶¶ 68-72.

New York General Municipal Law provides that "[n]o action . . . shall be prosecuted or maintained against the city . . . or any employee . . . unless a notice of a claim shall have been made and served upon the city." N.Y. Gen Mun. Law § 50-i(1). A plaintiff bringing tort claims against a municipality or its agent must plead "that (1) the plaintiff has served the notice of claim; (2) at least thirty days have elapsed since the notice was filed (and before the complaint was filed); and (3) in that time the defendant has neglected to or refused to adjust or to satisfy the claim." *Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999).

Plaintiff does not dispute that the New York General Municipal Law applies, but instead argues that the notice requirements "are inapplicable to [S]ection 1983 actions." Pl. Opp. at 12. Plaintiff misunderstands New York's notice-of-claim provision. The New York General Municipal Law applies to *state-law* claims, *i.e.*, the type of claims that Plaintiff brings in his Second through Fifth Counts—separate and apart from his federal Section 1983 claim—that Defendants seek to dismiss for failure to comply with the notice provision. *See* Am. Compl. ¶¶ 60-80 (Plaintiff brings four causes of action "Pursuant to State Law"); Defs. Mem. at 5. Thus,

the Court considers whether Plaintiff's failure to comply with New York's notice provisions serves to bar his *state law* claims.

"It is well settled that federal courts entertaining state law claims against municipalities are obligated to apply any applicable state law notice-of-claim provisions." *Johnson v. City of New York*, 2019 U.S. Dist. LEXIS 10867, at *34 (S.D.N.Y. Jan. 23, 2019).  Notice of claim requirements are construed strictly by New York state courts and "[f]ailure to comply with [them] ordinarily requires dismissal." *Hardy*, 164 F.3d at 793 (citing *Murray LeRoy Cent. Sch. Dist.*, 67 N.Y.2d 775, 775, 500 N.Y.S.2d 643, 643, 491 N.E.2d 1100, 1100 (1986).  Plaintiff pleads no facts alleging he has complied with New York's notice-of-claim provision, and does not dispute that he has not.  The Court therefore grants Defendants' motion to dismiss Plaintiff's state-level claims for failure to comply with New York's notice requirement. *Hardy*, 164 F.3d at 793.[4]

## CONCLUSION

For the reasons contained herein, the Court GRANTS Defendants' Motion to Dismiss in its entirety.  The Clerk of the Court is respectfully requested to close the case.

**SO ORDERED.**

Date:  **September 30, 2021**
      **New York, NY**

                                                  **MARY KAY VYSKOCIL**
                                                  **United States District Judge**

---

[4] Having dismissed all federal claims, the Court also declines to exercise supplemental jurisdiction over any remaining state-law claims.  28 U.S.C. § 1367(c).

9